USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
LIN KWOK KEUNG,
                            Plaintiff,

      -against-

TEA TWO TEA LLC and ZEMUND REALTY CORP.,

                            Defendants.
------------------------------------------------------------- X

22-CV-7117 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on August 28, 2022, Plaintiff sued Tea Two Tea LLC and Zemund Realty Corp. alleging that Plaintiff was "denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' property," in violation of the Americans with Disability Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), Dkt. 1;[1]

      WHEREAS to establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks omitted).

      WHEREAS the Court may raise the question of standing *sua sponte* because standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice

---

[1] Plaintiff commenced this action on August 20, 2022 but filed the complaint under the wrong case number. *See* Dkt. 1. Plaintiff re-filed the complaint on August 28, 2022. *See* Dkt. 5.

1

but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction. *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

WHEREAS a plaintiff bringing a claim pursuant to the ADA has standing to sue for injunctive relief if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); a plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong, *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted);

WHEREAS in *Calcano*, the Second Circuit held that "Plaintiffs' conclusory, boilerplate allegations" that they were injured by Defendants' failure to accommodate plaintiffs with alleged disabilities under the ADA "fail to establish standing," *id.* at 71; and

WHEREAS the allegations in the complaint in this action likely fail adequately to allege standing, as they are just as, if not more, conclusory as the allegations in the complaints at issue in *Calcano*.

IT IS HEREBY ORDERED that, by no later than **Tuesday, September 6, 2022**, Plaintiff must file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing.

**SO ORDERED.**

Date:  August 29, 2022
       New York, New York

VALERIE CAPRONI
**United States District Judge**